IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DE'VON SEAN STRONG, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:19-CV-00070-RWS |
| v. | § § | |
| DIRECTOR, TDCJ-CID, | § § § | |
| Defendant. | § § | |

## ORDER

Petitioner, De'Von Sean Strong, an inmate of the Gib Lewis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 28 U.S.C. § 2254. Docket No. 1. Petitioner challenged the validity of his disciplinary conviction for assault by fighting, for which he lost good time credit, 45 days recreation, commissary and property privileges and remained at L3 status. Petitioner alleged that his due process rights were violated because the hearing was not recorded when he waived attendance and TDCJ abandoned its disciplinary procedures. He also alleged that evidence used against him was fabricated and that he was denied the right to face his accuser.

This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The Magistrate Judge issued a Report and Recommendation, recommending the lawsuit be dismissed. Docket No. 4. In the report, the Magistrate Judge concluded that the punishment imposed on Petitioner did not implicate a protected liberty interest entitling him to due process protections. *Id.*

In his objections, Petitioner states that he understands he is not entitled to certain due process liberties but argues there are "fundamental rights" that protect him, namely equal protection of the laws under the 14th amendment. Docket No. 6 at 1. Petitioner alleges several due process violations, including that he was not allowed to be present at the hearing, he was not given a statement of the evidence relied upon for the disciplinary decision and he was not allowed to present witnesses and documentary evidence. *Id.* at 2–3. Finally, Petitioner asserts that his punishment uniquely involved sexual harassment by staff and restrictions that posed hazards to his physical and mental health. *Id.* at 4.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected and finds the objections lack merit. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). As outlined by the Magistrate Judge, petitioner concedes he is not eligible for release on mandatory supervision. As a result, the due process requirements for disciplinary proceedings outlined in his objection are inapplicable and his claim is without merit. To the extent petitioner seeks to assert a claim under the Equal Protection Clause or a claim for civil rights violations for the alleged sexual harassment and physical and mental harms, Petitioner may file a separate civil action. However, such claims are not properly raised in Petitioner's objections.

Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack*

*v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

In this case, Petitioner has not shown that any of the issues would be subject to debate among jurists of reason and the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued. It is accordingly

**ORDERED** that the Petitioner's objections (Docket No. 6) are **OVERRULED** and the Magistrate Judge's Report (Docket No. 4) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE.** It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

**So ORDERED and SIGNED this 22nd day of October, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE